

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,253-01

### EX PARTE RONALD WHIT DUBOSE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 07-1246-CR-A IN THE 25TH DISTRICT COURT
### FROM GUADALUPE COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion in which JOHNSON and RICHARDSON, JJ., joined. YEARY, J., filed a concurring opinion in which KEASLER and HERVEY, JJ., joined.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation and sentenced to six years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things, that the State breached the plea agreements and that trial counsel rendered ineffective assistance. On June 3, 2015, we remanded this application and directed the trial court to "order trial counsel to respond to Applicant's claims of ineffective assistance of counsel as set out in his application." We also directed the trial court to determine

whether "Applicant and the State agreed at the guilt and adjudication-of-guilt stages that the following language would be struck from the record: 'with the intent to commit sexual assault.'"

On remand, adjudication-of-guilt counsel responded in a sworn affidavit, and the trial court made findings of fact and conclusions of law. Applicant's claims involve both adjudication-of-guilt counsel and guilty-plea counsel, but there is no response from guilty-plea counsel in the record. The trial court also did not determine in its findings and conclusions whether Applicant and the State agreed that the following language would be struck from the record: "with the intent to commit sexual assault."

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order guilty-plea counsel to respond to Applicant's claims of ineffective assistance of counsel as set out in his application. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings and conclusions as to whether Applicant and the State agreed at the guilt and adjudication-of-guilt stages that the following language would be struck from the record: "with the intent to commit sexual assault." The trial court shall then determine whether the State breached the agreements. Finally, after reviewing guilty-plea counsel's response,

the trial court shall determine whether his conduct was deficient and Applicant was prejudiced. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: June 29, 2016
Do not publish